1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GREG L. KIRAKOSIAN  (SBN 294580)
[GREG@KIRAKOSIANLAW.COM]
**KIRAKOSIAN  LAW,  APC**
11684 VENTURA BLVD., SUITE 975
STUDIO CITY, CALIFORNIA 91604
TELEPHONE: (213) 986-5389
FACSIMILE:  (213) 477-2355

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN GONZALEZ, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF BAKERSFIELD, a Public Entity; OFFICER DOUGLAS BARRIER, an Individual; and DOE OFFICERS 1 through 20, inclusive;<br><br>Defendants. | **CASE NO.: 1:23-at-00111**<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. 42 U.S.C § 1983 – Excessive Force;<br>2. 42 U.S.C § 1983 – Unlawful Search and Seizure;<br>3. 42 U.S.C § 1983 – Failure to Prevent Violation;<br>4. 42 U.S.C § 1983 – Deveaux Claim<br>5. Battery;<br>6. Negligence;<br>7. False Arrest;<br>8. Malicious Prosecution; and<br>9. Violation of California Civil Rights Act.<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff ALLAN GONZALEZ hereby files this Complaint for Damages against the CITY OF BAKERSFIELD, OFFICER DOUGLAS BARRIER, and DOE OFFICERS 1 – 20, inclusive, and allege as follows:

## INTRODUCTION

1.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating Plaintiff's rights guaranteed under the United States Constitution, the California Constitution, and the laws of the State of California in connection to the Officer-involved use of force and false arrest of Plaintiff ALLAN GONZALEZ by Defendants on April 2, 2022, 2022, at approximately 11:00 p.m., in the City of Bakersfield, County of Kern, California.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

3.      This Court has supplemental jurisdiction over Plaintiffs' claims arising under State law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of Kern, California, and because all Defendants reside in the County of Kern, California.

/ / /

COMPLAINT FOR DAMAGES

**PARTIES**

5.    At all relevant times, Plaintiff ALLAN GONZALEZ was an individual residing in the County of Kern, California.

6.    At all relevant times, Defendant OFFICER DOUGLAS BARRIER and DOE OFFICERS were Police Officers for the City of Bakersfield and the Bakersfield Police Department. At all relevant times, Defendants were acting under color of law within the course and scope of their duties as Sheriff's deputies for the CITY. At all relevant times, Defendants were acting with the complete authority and ratification of their principal, Defendant CITY.

7.    The true Identities of said DOE OFFICERS are unknown to Plaintiffs, and DOE OFFICERS refused to identify themselves following the unlawful search and seizure of Plaintiff GONZALEZ.

8.    At all relevant times, Defendant CITY OF BAKERSFIELD ("CITY") is and was a governmental entity organized and existing under the laws of the State of California in the County of Kern, California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Bakersfield Police Department and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the Police Department and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of Defendants DOE OFFICERS1 - 20.

9.    Defendants DOES 1-15, are, and at all relevant times were, individuals residing in the County of Kern in the State of California. At all relevant times, DOES 1-15 were acting in the course and scope of their employment with Defendant CITY and acting under the color of state law.

10.     Defendants DOES 16 - 20 are managerial, supervisorial, and policymaking employees of Defendant CITY, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the County. DOES 16-20 were acting with the complete authority and ratification of their principal, Defendant CITY.

11.     The true names and/or capacities, whether individual, corporate, associate, or otherwise of Defendant DOES 1 through 20 are unknown to Plaintiffs at this time and therefore Plaintiffs file this Complaint against said DOES Defendants by such fictitious names. Plaintiffs will seek leave of Court to amend this complaint when the true names and capacities of said DOE Defendants are ascertained.

12.     Plaintiff is informed and believes, and based upon such information and belief, allege that each Defendant and Defendants sued herein as DOES 1-20 are contractually, strictly, vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth in this Complaint.

13.     Plaintiff is informed and believes and thereon allege that at all relevant times each of the Defendants and DOE Defendants, in addition to acting for himself, herself, or itself and on his, her, or its own behalf, is and was acting as the agent, servant, employee and representative of, and with the knowledge, consent, and permission of each and all the Defendants.

14.     Plaintiff further alleges that the acts of each of the Defendants were fully ratified by each and all other Defendants. Specifically, and without limitation, Plaintiff alleges on information and belief that the actions, failures to act, and breaches alleged herein are attributed to one or more of the Defendants were approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

/ / /

- 4 -

COMPLAINT FOR DAMAGES

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

15.    Plaintiff's claims arise out of the assault, battery, excessive force, and other claims enumerated herein that occurred on April 3, 2022, at approximately 11:00 p.m., while he was lawfully and peaceably riding his bicycle on Stein Road. Specifically, Mr. Gonzalez was suddenly, and without any warnings or commands, forcibly and violently tackled to the ground by Officer Douglas Barrier, a City of Bakersfield officer, thereby sustaining physical injuries and extreme emotional distress. Thereafter, Mr. Barrier, arrested, booked, and charged Mr. Gonzalez with numerous charges, including PC148.10(a), PC148(a)(1), VC21200.5, and VC21201(d).

16.    At all times mentioned herein, each and every Defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

17.    Defendants searched, seized, and detained Plaintiff without consent, reasonable suspicion, or probable cause and arrested him without probable cause. When Defendant Officers searched, seized, and arrested Plaintiff, as alleged herein, they violated Plaintiff's right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

18.    Defendants knew that their conduct could and would likely result in the violation of Plaintiff's civil rights and would result in further significant injury or the unnecessary and wanton infliction of emotional distress but disregarded those risks and contributed and caused damages to Plaintiff.

19.     The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendant Officers.

20.     As a result of their misconduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

21.     At all times material to this Complaint, Defendants were acting under color of the law in violating Plaintiff's constitutional rights as herein under the Fourth and Fourteenth Amendments to the Constitution of the United States. The Fourth and Fourteenth Amendments are made applicable to the States pursuant to 42 U.S.C §1983.

22.     Defendants deprived Plaintiff of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution by, *inter alia*, subjecting Plaintiff to an unlawful search and seizure, arresting and/or causing Plaintiff to be arrested without probable cause, conspiring to deprive Plaintiff of his constitutionally protected rights, submitting reports with material omissions, providing falsehoods to secure an arrest and prosecution of Plaintiff.

23.     Defendants directly participated and/or aided and abetted in the wrongful search and seizure of Plaintiff and engaged in efforts to cover up said wrongful conduct by providing false testimony, preparing or authorizing or approving false police reports, and/or aiding and abetting the preparation, authorization, or approval of false police reports to maliciously prosecute Plaintiff. Defendants, and each of them, had an interest in seeing Plaintiff charged with criminal conduct to detract from Defendants unlawful conduct against Plaintiff and use of excessive force.

24.     Said conduct of Defendants constitutes malice, oppression and/or fraud, entitling Plaintiff to punitive damages against individual Defendants in an amount suitable to punish and set an example of said Defendants.

25.     Due to the conduct of Defendants, and each of them, Plaintiff has suffered general damages and special damages, all in sum to be proved at trial. Due to the

conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

26.     Defendants acted with a conscious disregard of Plaintiff's rights conferred upon him by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally causing him injury and arresting him without probable cause.

27.     Plaintiff served the CITY with his claim for damages on September 9, 2022, which was denied by Defendants on September 21, 2022.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure — Excessive Force (42 U.S.C. § 1983)**

(*Plaintiff ALLAN GONZALEZ Against OFFICER BARRIER AND DOE OFFICERS*)

28.     Plaintiff repeats, realleges, and incorporates each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

29.     As alleged herein, Defendants OFFICER BARRIER AND DOE OFFICERS (Collectively "Defendants") used excessive force against Plaintiff ALLAN GONZALEZ when they violently, needlessly, and recklessly escalated an encounter into one with the use of extreme physical force.  Specifically, Defendants tackled and indiscriminately punched, kneed, elbowed, and kicked Plaintiff's head, face, and body.

30.     The foregoing conduct was without justification or probable cause. Defendants' unjustified excessive use of force deprived Plaintiff of his right to be secure in her person against unreasonable use of force as guaranteed under the Fourth and Fourteenth Amendment.

31.     As a result of the foregoing, Plaintiff suffered numerous lacerations and bruises to his face, head, and body, resulting in extreme physical pain and suffering and extreme emotional distress. Plaintiff continues to suffer from extreme emotional

distress to date.

32.  Based on the facts readily available and known to Defendants, no reasonable conclusion could be drawn that force, let alone the extreme degree of force used, was reasonable.  No objective facts readily available and known to Defendants could have reasonably led them to conclude that escalating the situation with the use of such force was reasonable or necessary. At no point prior to the use of such force could Defendants have reasonably determined that Plaintiff was a threat requiring the use of such harmful and excessive force.

33.  Plaintiffs are informed and believe that Defendants conduct violated their training and standard police officer training.

34.  Defendants, under color of law intentionally, recklessly, negligently, unlawfully, with malice, fraud, and oppression violated Plaintiff's Civil Rights and his right to be secure in their person against unreasonable use of force as guaranteed to Plaintiff under the Fourth and Fourteenth Amendment.

35.  Due to the conduct of Defendants, and each of them, Plaintiff has suffered general damages and special damages, all in sum to be proved at trial. Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

36.  Defendants acted with a conscious disregard of Plaintiffs' rights conferred upon her by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally and unnecessarily causing him great bodily injury.

37.  Said conduct of Defendants constitutes malice, oppression and/or fraud under California Civil Code § 3294, entitling Plaintiffs to punitive damages against the individual Defendants in an amount suitable to punish and set an example of said individual Defendants.

1

## **SECOND CLAIM FOR RELIEF**

**Unlawful Search and Seizure — Lack of Reasonable Suspicion or Probable Cause (42 U.S.C. § 1983)**

(*Plaintiff ALLAN GONZALEZ Against OFFICER BARRIER AND DOE OFFICERS*)

38.    Plaintiff repeats, realleges, and incorporates each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

39.    As alleged herein, Defendants OFFICER BARRIER AND DOE OFFICERS (Collectively "Defendants") searched, seized, and detained Plaintiff without consent, reasonable suspicion, or probable cause.

40.    When Defendants searched, seized, and forced Plaintiff to the ground as alleged herein, they violated Plaintiff's right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

41.    Defendants knew that their conduct could and would likely result in the violation of Plaintiff's civil rights and would result in further significant injury or the unnecessary and wanton infliction of emotional distress but disregarded those risks and contributed and caused damages to Plaintiff.

42.    Due to the conduct of Defendants, and each of them, Plaintiff has suffered general damages and special damages, all in sum to be proved at trial. Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

43.    Defendants acted with a conscious disregard of Plaintiff's rights conferred upon her by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by

1 intentionally and unnecessarily causing him great bodily injury.

2     44.    Said conduct of Defendants constitutes malice, oppression and/or fraud

3 under California Civil Code § 3294, entitling Plaintiff to punitive damages against the

4 individual Defendants in an amount suitable to punish and set an example of said

5 individual Defendants.

6

7 **<u>THIRD CLAIM FOR RELIEF</u>**

8 **Failure to Prevent Violation of Rights (42 U.S.C. § 1983)**

9 (*Plaintiff ALLAN GONZALEZ Against DOE OFFICERS*)

10     45.    Plaintiff repeats, realleges, and incorporates each and every allegation in

11 the preceding paragraphs of this Complaint as if fully set forth herein.

12

13     46.    DOE OFFICERS were present when Plaintiff ALAN GONZALEZ was

14 wrongfully detained, arrested, and excessive force was used upon him.

15     47.    DOE OFFICERS had an affirmative duty to preserve the peace and protect

16 Plaintiff's rights to be free from harm and the violation of his rights. This includes the

17 duty to stop OFFICER BARRIER and other DOE OFFICERS from violating the law

18 and specifically from unlawfully detaining, arresting, and using force upon Plaintiff in

19 violation of his Fourth Amendment rights as alleged herein.

20     48.    DOE OFFICERS were in a position and had the ability to stop the unlawful

21 conduct against Plaintiff and had knowledge or should have known that his rights were

22 being violated.  However, DOE OFFICERS intentionally refused to act, failed to

23 prevent it, and allowed the conduct to continue.

24     49.    Defendants knew that their conduct could and would likely result in the

25 violation of Plaintiff's civil rights and would result in further significant injury or the

26 unnecessary and wanton infliction of emotional distress but disregarded those risks and

27 contributed and caused damages to Plaintiff.

28

50.    Due to the conduct of Defendants, and each of them, Plaintiff has suffered general damages and special damages, all in sum to be proved at trial. Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

51.    Defendants acted with a conscious disregard of Plaintiff's rights conferred upon her by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally and unnecessarily causing him great bodily injury.

52.    Said conduct of Defendants constitutes malice, oppression and/or fraud under California Civil Code § 3294, entitling Plaintiff to punitive damages against the individual Defendants in an amount suitable to punish and set an example of said individual Defendants.

## FOURTH CLAIM FOR RELIEF
## DEVEREAUX CLAIM (42 U.S.C. § 1983)

(*Plaintiff ALLAN GONZALEZ Against OFFICER BARRIER AND DOE OFFICERS*)

53.    Plaintiff repeats, realleges, and incorporates each and every allegation in the preceding paragraphs of this Complaint as if fully set forth herein.

54.    As alleged herein, Defendants OFFICER BARRIER AND DOE OFFICERS (Collectively "Defendants") were acting under color of the law in violating Plaintiff's constitutional rights as herein under the Fourth and Fourteenth Amendments to the Constitution of the United States.

55.    Defendants directly participated and/or aided and abetted in the wrongful search, seizure, use of excessive force, and prosecution of Plaintiff and engaged in efforts to cover up said conduct by providing false testimony, preparing or authorizing or approving false police reports, and/or aiding and abetting the preparation, authorization, or approval of false police reports to maliciously prosecute Plaintiff.

56.    Due to the conduct of Defendants, and each of them, Plaintiff has suffered general damages and special damages, all in sum to be proved at trial. Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

57.    Defendants acted with a conscious disregard of Plaintiff's rights conferred upon him by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally causing him injury and using excessive force. Defendants, and each of them, had an interest in seeing Plaintiff charged with criminal conduct to detract from Defendants unlawful arrest of Plaintiff and use of excessive force.

58.    Said conduct of Defendants constitutes malice, oppression and/or fraud, entitling Plaintiff to punitive damages against individual Defendants in an amount suitable to punish and set an example of said Defendants.

## FIFTH CLAIM FOR RELIEF

### BATTERY

(*Plaintiff ALLAN GONZALEZ Against All Defendants*)

59.    Plaintiff repeats, realleges, and incorporates each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

60.    As alleged herein, Defendants OFFICER BARRIER AND DOE OFFICERS (Collectively "Defendants"), while working as officers for the CITY and acting within the course and scope of their employment, intentionally tackled, punched, elbowed, and hit Plaintiff without any warning or his consent.

61.    Plaintiff is informed and believes that Defendants' conduct was committed with the intent to cause Plaintiff a harmful and offensive contact or with reckless disregard to the probability that Plaintiff would suffer physical and emotional harm.

62.    Defendants had no legal justification for using force against Plaintiff, and use of force while carrying out their duties as a police officer was an unreasonable and nonprivileged use of force.

63.    As a direct and proximate result of the conduct of Defendants as alleged above, Plaintiff sustained special damages, general damages, mental anguish, emotional distress, and injury to her mind in an amount according to proof at trial.

64.    At all relevant times, Defendants were acting as agents for their employer, the CITY, and within their scope of employment. Plaintiff is informed and believes that Plaintiff's injuries resulted from and arose directly out of Defendants' conduct that was ratified by Defendant CITY. Defendants' conduct was motivated and arose, in whole or in part, by a desire to serve their employer, the CITY. The CITY is vicariously liable for the acts, omissions and conduct of its employees pursuant to California Government Code Section 815.2.

65.    As a direct and proximate result of Defendants' conduct, Plaintiff actually suffered past and future special damages, past and future general damages, mental anguish, emotional distress, and injury to his mind in an amount according to proof.

66.    In doing the acts herein alleged, the individual Defendants acted with malice and oppression in knowingly, purposefully, and intentionally committing the conduct. Said conduct was vile and despicable in that Defendants knew that their conduct would cause Plaintiff harm and cause her to suffer extreme emotional distress but continued their unlawful conduct. Defendants acted with oppression and malice and is therefore liable for punitive damages.

## SIXTH CLAIM FOR RELIEF

### NEGLIGENCE

*(Plaintiff ALLAN GONZALEZ Against All Defendants)*

67.    Plaintiff repeats, realleges, and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

68.    As alleged herein, Defendants OFFICER BARRIER AND DOE OFFICERS (Collectively "Defendants") had a duty to use reasonable care in their interaction with the Plaintiff and to ensure that an individual is free from foreseeable risks of harm from Defendants conduct and not to expose such person to reasonably foreseeable risks of wrongful arrest, battery, malicious prosecution, injury, including, but not limited to, causing emotional distress and harm to Plaintiff.

69.    At all relevant times, no probable cause existed to detain, arrest, use force upon Plaintiff, or prosecute Plaintiff. At all relevant times including the use of force against Plaintiff, Defendants had no reasonable basis to believe that Plaintiff posed any threat of injury to any persons or officers, that he was a fleeing felon, or that he was resisting arrest. At all relevant times, Defendants knew that Plaintiff had not, in any way, committed any threat and had committed no crime.

70.    Based on the facts readily available and known to the Defendants, no reasonable conclusion could be drawn that probable cause existed to hit Plaintiff. All objective facts readily available and known to Defendants could not have reasonably led the officer to conclude that Plaintiff had committed or was committing a crime.

71.    In light of the foregoing facts, knowledge, and circumstances, no reasonable person or reasonable officer could have believed that probable cause existed to detain or use force upon Plaintiff. Moreover, in light of the foregoing, no material ambiguities existed and no reasonable person could have believed that Plaintiff had committed any crime, unlawful act, or posed a threat. As such, no reasonable person or reasonable officer, acting on said facts, could sensibly or reasonably conclude that probable cause existed to detain, arrest, or use force upon Plaintiff.

72.    Defendants had a duty to use reasonable care in their interaction with the Plaintiff and to ensure that an individual is free from foreseeable risks of harm from Defendants' conduct while interacting with them and not to expose such person to reasonably foreseeable risks of injury or deprivation of rights.

COMPLAINT FOR DAMAGES

73.     Defendants breached their duty of care owed to the public and especially to Plaintiff by failing to act with the requisite care required and caused Plaintiff to suffer injuries, including but not limited to: physical injuries, severe pain, bruising and internal injuries despite  knowing that Plaintiff was undeniably innocent of any criminal activity.

74.     Defendants knew, or in the exercise of ordinary and reasonable care should have known, that Defendants' conduct posed a significant risk of harm to Plaintiff, as it did when Defendants interacted with Plaintiff and caused her to be unlawfully hit, kicked and suffer injuries that would not have otherwise occurred but for the unreasonable conduct of the Defendants. Defendants breached the duty of care owed to the public and to Plaintiff by failing to act with the requisite care required and causing Plaintiff to suffer injuries and pain.

75.     As a direct and proximate result of Defendants' conduct, Plaintiff actually suffered past and future special damages, past and future general damages, mental anguish, emotional distress, and injury to his mind in an amount according to proof.

76.     At all relevant times, Defendants were acting as agents for their employer, the CITY and within their scope of employment. Plaintiff is informed and believes that Plaintiff's injuries resulted from and arose directly out of Defendants' conduct that was ratified by Defendant CITY. Defendants' conduct was motivated and arose, in whole or in part, by a desire to serve their employer, the CITY. The CITY is vicariously liable for the acts, omissions and conduct of its employees pursuant to California Government Code Section 815.2.

77.     In doing the acts herein alleged, the individual Defendants acted with malice and oppression in knowingly, purposefully, and intentionally committing the conduct. Said conduct was vile and despicable in that Defendants knew that their conduct would cause Plaintiff harm and cause her to suffer extreme emotional distress but continued their unlawful conduct. Defendants acted with oppression and malice and is therefore liable for punitive damages.

## SEVENTH CLAIM FOR RELIEF

### FALSE ARREST

(*Plaintiff ALLAN GONZALEZ Against All Defendants*)

78.    Plaintiff repeats, realleges, and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

79.    As alleged herein, Defendants OFFICER BARRIER AND DOE OFFICERS (Collectively "Defendants") seized and arrested Plaintiff without a warrant and restrained him against his will.

80.    When doing so, Defendants had no reasonable cause to believe that Plaintiff had committed a crime, was resisting, or engaged in any conduct that would authorize Defendants to detain and arrest Plaintiff.

81.    Plaintiff is informed and believes that Defendants' conduct was committed with the intent to cause Plaintiff a harm or with reckless disregard to the probability that Plaintiff would suffer physical and emotional harm.

82.    Defendants had no legal justification to detain and use force against Plaintiff, and detaining Plaintiff while carrying out their duties as a police officer was an unreasonable and nonprivileged act, including the false arrest and false imprisonment of Plaintiff.

83.    As a proximate result of the acts described above, Plaintiff was harmed and suffered pain and suffering, as well as mental anguish, and severe and extreme emotional distress.

84.    At all relevant times, Defendants were acting as agents for their employer, the CITY and within their scope of employment. Plaintiff is informed and believes that Plaintiff's injuries resulted from and arose directly out of Defendants' conduct that was ratified by Defendant CITY. Defendants' conduct was motivated and arose, in whole or in part, by a desire to serve their employer, the CITY. The CITY is vicariously liable for the acts, omissions and conduct of its employees pursuant to California Government Code Section 815.2.

85.    As a direct and proximate result of Defendants' conduct, Plaintiff actually suffered past and future special damages, past and future general damages, mental anguish, emotional distress, and injury to his mind in an amount according to proof.

## EIGHTH CLAIM FOR RELIEF

### MALICIOUS PROSECUTION

(*Plaintiff ALLAN GONZALEZ Against All Defendants*)

86.    Plaintiff repeats, realleges, and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

87.    Plaintiff is informed and believes and thereon alleges that the conduct of OFFICER BARRIER AND DOE OFFICERS (Collectively "Defendants"), through arresting Plaintiff without probable cause, wrongfully imprisoning him for several hours, fling false reports to prosecute him, and requiring him to pay bail, was improper and done so with a wrongful motive.

88.    As a proximate cause of the conduct of Defendants, as alleged hereinabove, Plaintiff has suffered damages arising from being wrongfully detained, wrongfully prosecuted, paying bail to be released, and proving his innocence, including incurring needless expense for attorneys' fees and costs. Further, Plaintiff suffered extreme emotional anguish due to the incarceration and pending criminal charges, all in an amount to be proven at trial.

89.    Plaintiff was successful in defeating the false charges brought against him, including the charges for PC148.10(a), PC148(a)(1), VC21200.5, and VC21201(d).

90.    As a direct and proximate result of Defendants' conduct, Plaintiff actually suffered past and future special damages, past and future general damages, mental anguish, emotional distress, and injury to his mind in an amount according to proof.

91.    At all relevant times, Defendants were acting as agents for their employer, the CITY and within their scope of employment. Plaintiff is informed and believes that Plaintiff's injuries resulted from and arose directly out of Defendants' conduct that was

ratified by Defendant CITY. Defendants' conduct was motivated and arose, in whole or in part, by a desire to serve their employer, the CITY. The CITY is vicariously liable for the acts, omissions and conduct of its employees pursuant to California Government Code Section 815.2.

92.     In doing the acts herein alleged, the individual Defendants acted with malice and oppression in knowingly, purposefully, and intentionally committing the conduct. Said conduct was vile and despicable in that Defendants knew that their conduct would cause Plaintiff harm and cause her to suffer extreme emotional distress but continued their unlawful conduct. Defendants acted with oppression and malice and is therefore liable for punitive damages.

## NINTH CLAIM FOR RELIEF

### Violation of California Civil Rights Act (Bane Act)

#### (*Plaintiff ALLAN GONZALEZ Against All Defendants*)

93.     Plaintiff repeats, realleges, and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

94.     California Civil Code §43 provides: "Besides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations." This is a right provided to all persons, including Plaintiff.

95.     California Civil Code §52.1, the Bane Act, provides in part: "(b) If a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order

to protect the peaceable exercise or enjoyment of the right or rights secured

96.    Section (c) Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a). . . .”

97.    California Civil Code §§51 and 52, et seq., protects individuals from violence, threats of violence, or interference with an individual’s rights.    The Civil Rights Act protects people from various different rights, including the right to peaceably walk, assemble, be free of harm, etc.

98.    California Civil Code § 51, commonly known as the Civil Rights Act, provides in relevant part:  "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

99.    Cal.Civ.Code § 52 of the Civil Rights Act provides in relevant part: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

100.    Whoever denies the right provided by Section 51.7 or 51.9, or aids, incites, or conspires in that denial, is liable for each and every offense for the actual damages suffered by any person denied that right and, in addition, the following: (1) An amount to be determined by a jury, or a court sitting without a jury, for exemplary damages. (2) A civil penalty of twenty-five thousand dollars ($25,000) to be awarded to the person denied the right provided by Section 51.7 in any action brought by the person denied the right, or by the Attorney General, a district attorney, or a city attorney. An action for that penalty brought pursuant to Section 51.7 shall be commenced within three years of the alleged practice. (3) Attorney's fees as may be determined by the court."

101.    As alleged herein, Defendants OFFICER BARRIER AND DOE OFFICERS (Collectively "Defendants") improperly seized, arrested, detained, and prosecuted Plaintiff and violated Plaintiff's rights of protection from bodily restraint and harm. On information and belief, Defendants, while working for the CITY and acting within the course and scope of their duties, violated Plaintiff's rights and committed and attempted to commit acts of restraint and harm against Plaintiff.

102.    Defendants intentionally interfered with, or attempted to interfere with, Plaintiff's civil rights by threats, intimidation, and violence.

103.    The threats and intimidation caused Plaintiff to reasonably believe that if he exercised his rights, Defendants would commit violence against him and that Defendants had the apparent ability to carry out the threats.

104.    Defendants acted violently against Plaintiff to prevent him from exercising his rights and retaliated against him for having exercised his rights.

105.    Defendants intended to deprive Plaintiff of his rights of enjoyment of the interests protected by his civil rights.

106.    Defendants' conduct in violation of Plaintiff's rights proximately and legally caused damages to Plaintiff, including but not limited to pain, suffering, emotional distress, fear, trepidation, past and future medical treatment and expenses, and past and future psychological and/or psychiatric damages according to proof.

107.   The conduct of Defendants was a substantial factor in causing Plaintiff's harms, losses, injuries, and damages.

108.   At all relevant times, Defendants were acting as agents for their employer, the CITY and within their scope of employment. Plaintiff is informed and believes that Plaintiff's injuries resulted from and arose directly out of Defendants' conduct that was ratified by Defendant CITY. Defendants' conduct was motivated and arose, in whole or in part, by a desire to serve their employer, the CITY. The CITY is vicariously liable for the acts, omissions and conduct of its employees pursuant to California Government Code Section 815.2.

109.   In doing the acts herein alleged, the individual Defendants acted with malice and oppression in knowingly, purposefully, and intentionally committing the conduct. Said conduct was vile and despicable in that Defendants knew that their conduct would cause Plaintiff harm and cause her to suffer extreme emotional distress but continued their unlawful conduct. Defendants acted with oppression and malice and is therefore liable for punitive damages.

110.   Section 52(a) of the Unruh Civil Rights Act sets forth the penalty to be imposed against individuals who discriminate against persons based on suspect, arbitrary classifications, including sexual orientation and transsexual status as being actual damages suffered, plus an award of up to three times actual damages, but in no case less than $1,000, plus attorney's fees pursuant to section 51.1(h).

111.   Section 52(b) of the Unruh Civil Rights Act sets forth the penalty to be imposed against individuals who engage in violence against persons based on suspect, arbitrary classifications, including sexual orientation and transsexual status, or who perpetrate in such violence based upon a perception that the individual possesses said characteristics as being actual damages suffered, plus an award of exemplary damages, a civil penalty of $25,000, plus attorney's fees.

/ / /

COMPLAINT FOR DAMAGES

1

**PRAYER FOR RELIEF**

2

**WHEREFORE**, Plaintiff ALLAN GONZALEZ prays for judgment as follows:

3       1.    For past and future general damages in an amount to be determined by

4             proof at trial;

5       2.    For past and future special damages in an amount to be determined by

6             proof at trial;

7       3.    For punitive and exemplary damages against the Individual Defendants;

8       4.    For costs of suit;

9       5.    For reasonable attorneys' fees and costs as provided by statute; and

10      6.    For such other and further relief as the Court deems just and proper.

11

12

**DEMAND FOR JURY TRIAL**

13

Plaintiff ALLAN GONZALEZ hereby notifies all parties of his intent on having

14

a jury trial and hereby demands a trial by jury.

15

16

 Date:  February 13, 2023         **KIRAKOSIAN LAW, APC**

17

18                        By  _____

19                             Gregory L. Kirakosian

20                        Attorneys for Plaintiff,

21                        *ALLAN GONZALEZ*

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES