UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN GONZALEZ,<br><br>               Plaintiff,<br><br>    v.<br><br>CITY OF BAKERSFIELD, et al.<br><br>               Defendants. | Case No. 1:23-cv-00208-ADA-CDB<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR STAY<br><br>(Doc. 5) |

Pending before the Court is Defendants City of Bakersfield and Douglas Barrier's ("Defendants") motion to stay, together with a request for judicial notice, filed on March 8, 2023. (Doc. 5). Defendants move to stay this civil rights action until a pending criminal matter against Plaintiff Allan Gonzalez ("Plaintiff") concludes. *Id*. Defendants argue civil proceedings should be stayed based on *Younger* Abstention, the Supreme Court's decision in *Heck v. Humphrey*, and given the likelihood that Plaintiff will assert his Fifth Amendment privilege in this action. *Id*. Plaintiff did not file an opposition to Defendants' motion, and the time to do so has passed.[1] For the foregoing reasons the Court will grant Defendants' request for a stay.

///

///

---

[1] Plaintiff's failure to file an opposition to Defendants' motion is construed as a non-opposition to dismissal. *See* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.").

**Discussion**

    **A. Request for Judicial Notice**

Defendants request that the Court take judicial notice of the Kern County Superior Court Criminal Docket. (Doc. 5-2). Federal Rule of Evidence 201 permits the Court to take judicial notice at any time. A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of immediate and accurate and determination by resort to easily accessible sources whose accuracy reasonably cannot be questioned. Fed. R. Evid. 201(b). Courts may take judicial notice of facts related to the case before it. *See Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1361-62 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties). A court may judicially notice the records and filing of other court proceedings. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 802 n. 2 (9th Cir. 2002). Additionally, a court may take judicial notice of undisputed matters of public record, including papers filed with the court and the record of state agencies and administrative bodies. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n. 1 (9th Cir. 2004).

Because the Court may take judicial notice of public records, including duly recorded documents under Rule 201(b)(2), Defendants' request to take judicial notice of the Kern County Superior Court Criminal Docket is granted.

    **B. Motion to Stay**

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North America Co.*, 299 U.S. 248, 254 (1936)). A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007). Instead, the Court should "balance the length of any stay against the strength of the justification

given for it." *Young v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) (if a stay is especially long or its term is indefinite, a greater showing is required to justify it).

"The Constitution does not ordinarily require a stay of civil proceedings pending [the outcome] of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." *Id*. "Nevertheless, a court may decide in its discretion to stay civil proceedings… 'when the interests of justice seem to require such action.'" *Id*. (citations omitted).

When a civil plaintiff brings claims under § 1983 that are "related to rulings that will likely be made in a pending or anticipated criminal trial," it is "common practice" for the court "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see also Fed. Saving & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989).

When determining whether a stay is appropriate, courts look to whether the criminal defendant's Fifth Amendment rights may be implicated by the civil proceedings. *Keating*, 45 F.3d at 324 (citing *Molinaro*, 889 F.2d at 902). Courts also consider (1) the interest of the plaintiff in proceeding with the litigation and the potential prejudice to the plaintiff of a delay, (2) the convenience of the court and the efficient use of judicial resources, (3) the interests of third parties, and (4) the interests of the public. *Keating*, 45 F.3d at 324-25.

In this case, Plaintiff's civil rights action implicates his Fifth Amendment rights. The facts and circumstances underlying Plaintiff's criminal prosecution for obstructing/resisting an officer, obstructing/resisting a peace officer, and riding a bicycle under the influence, substantially overlap with Plaintiff's civil claims at issue in this case. (Docs. 1, 5); Cal. Penal Code §§ 69, 148(A)(1); Cal. Vehicle Code § 21200.5. Both cases involve the April 3, 2022, incident between Plaintiff and Defendant Douglas Barrier and will involve substantially all the same parties and witnesses. Thus, if this case proceeds, Defendants will seek discovery from Plaintiff, and he will be required to respond under oath. The discovery will involve Plaintiff's alleged criminal misconduct on April 3, 2022. There exists a substantial risk of prejudice to

Plaintiff's Fifth Amendment rights, and/or Defendants' ability to obtain discovery while the criminal matter still is pending.  Therefore, staying the case makes "[efficient use] of judicial resources by ensuring that common issues of fact will be resolved, and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination." *Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Fin., Inc.*, No. 2:09-cv-00954-FCD-EFB, 2009 WL 2136986, at *4 (E.D. Cal. July 15, 2009) (citation and internal quotations omitted).

The other *Keating factors* also support a stay.  Any prejudice to Plaintiff is minimal given that both proceedings involve similar facts and witnesses, and it is unlikely that evidence will be lost or memories will fade with the passage of time.  *McCormick v. Rexroth*, No. C 09-4188 JF, 2010 WL 934242, at *3 (N.D. Cal. 2010).  The public interest weighs in favor of a stay because "[t]he public has an interest in 'ensuring that the criminal process is not subverted' by ongoing civil cases." *Douglas v. United States*, No. C 03-4518, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006) (citation omitted).  Similarly, judicial efficiency favors the imposition of a stay because Plaintiff's action involves many of the same facts.  A stay could prevent the unnecessary expenditure of resources and does not prevent Plaintiff from proceeding with his claim when the criminal proceedings are resolved.  Moreover, a conviction in the parallel criminal case may be dispositive of the case.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

A stay of proceedings is also warranted under the doctrine of *Younger* Abstention.  Absent extraordinary circumstances, federal courts may not interfere with ongoing state criminal proceedings.  *Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 77 (2013).  Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages.  See *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun, the *Younger* rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (en banc) (*Younger* abstention applies to actions for damages as it does to declaratory and injunctive relief).

A court may apply a stay under *Younger* when: "(1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims." *Escobar v. Doe*, No. CV-17-7352-DSF (SP), 2017 WL 7050642, at *2 (C.D. Cal. November 30, 2017) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Here, Plaintiff's criminal case is ongoing and implicates the State of California's important interest in ensuring the integrity of its criminal justice system. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the [State's] interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.") (citing *Younger*, 401 U.S. at 44-45); *see also People of State of Cal. v. Mesa*, 813 F.2d 960, 966 (9th Cir. 1987) ("A [States'] ability to protect its citizens from violence and other breaches of the peace through enforcement of criminal laws is the centermost pillar of sovereignty."). Plaintiff may raise constitutional issues in the state proceedings. *See Pennzoil Co. v. Texaco*, 481 U.S. 1, 15 (1987) ("a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Therefore, the principles of judicial comity expressed in *Younger* counsel in favor of this Court staying this action until Plaintiff's criminal proceedings have concluded.

**Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED:

1. Defendants' motion for stay (Doc. 5) is GRANTED;
2. The instant action is STAYED pending resolution of Plaintiff's criminal case; and
3. Defendants shall file a status report within 90 days from the date of service of this order, and every 60 days thereafter, addressing the status of the criminal proceedings until they are resolved.

IT IS SO ORDERED.

Dated:   **April 3, 2023**

UNITED STATES MAGISTRATE JUDGE